UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| | | | |
|---|---|---|---|
| In re: | | § | |
| | | § | |
| SWISS, EVA M. | | § | Case No. 14-03147 CAD |
| | | § | |
| | Debtor(s) | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .  The undersigned trustee was appointed on                .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                 $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]                 $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                    . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $            $^2$.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $        $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/Joseph A. Baldi_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---
[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page:    1

Exhibit A

| Case No: | 14-03147 | Judge: Carol A. Doyle | | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|---|
| Case Name: | SWISS, EVA M. | | | Date Filed (f) or Converted (c): | 01/31/14 (f) |
| | | | | 341(a) Meeting Date: | 03/06/14 |
| For Period Ending: 03/05/15 | | | | Claims Bar Date: | 01/21/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined by Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) Abandon | Sale/Funds<br>Received by<br>the Estate | Asset Fully Administered (FA)/<br>Gross Value of Remaining Assets |
| 1. 1530 Macalpin Circle, Barrington, Illinois, 60010 | 800,000.00 | 180,000.00 | | 180,000.00 | FA |
| Debtor claimed exemption based upon tenancy by the entireties; Trustee objected to exemption; order entered disallowing exemption; Trustee sold property to debtor subject to liens and net of exemptions. | | | | | |
| 2. Cash on Hand | 100.00 | 0.00 | | 0.00 | FA |
| 3. Charles Schwab Account xxxx-2529 (held jointly wit | 276.63 | 0.00 | | 0.00 | FA |
| 4. CEFCU Account xxx5590 | 50.00 | 0.00 | | 0.00 | FA |
| 5. Checking account at PNC Bank (xxxx-2621) (1/2 inte | 2,667.82 | 0.00 | | 0.00 | FA |
| 6. Checking account at Citibank Bank (1/2 interest wi | 400.00 | 0.00 | | 0.00 | FA |
| 7. Security Deposit with John Gilpin, Normal, Illinoi | 350.00 | 0.00 | | 0.00 | FA |
| 8. Miscellaneous Household Goods (1/2 interest with h | 2,000.00 | 0.00 | | 0.00 | FA |
| sold with interest in home, not separately valued | | | | | |
| 9. Necessary Wearing Apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 10. Wedding ring | 150.00 | 0.00 | | 0.00 | FA |
| 11. Charles Schwab Account xxx-9927 (IRA) | 460,623.30 | 0.00 | | 0.00 | FA |
| 12. 50% membership interest in Carlisle Properties, LL | 0.00 | 0.00 | | 0.00 | FA |
| 13. 50% membership interest in GTS Solutions, LLC | 0.00 | 0.00 | | 0.00 | FA |
| 14. 2012 GMC Acadia | 19,000.00 | 0.00 | | 0.00 | FA |
| 15. Laptop Computer (7 years old) | 100.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $1,286,717.75 | $180,000.00 | | $180,000.00 | $0.00 |
|---|---|---|---|---|---|

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:     2

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 14-03147 | Judge: Carol A. Doyle | |

Case Name:        SWISS, EVA M.

Trustee Name:                    Joseph A. Baldi

Date Filed (f) or Converted (c):    01/31/14 (f)

341(a) Meeting Date:             03/06/14

Claims Bar Date:                01/21/15

Debtor owned a 50% interest in the real property; Debtor claimed the real property fully exempt based upon tenancy by the entireties; Trustee objected to the claimed exemption and on June 24, 2014, the Court disallowed the exemption; in August 2014, the Trustee filed an adversary proceeding to sell the Estate's and the co-owner's interest in the real property; in November 2014, the Trustee settled with the Debtor for the purchase of the Estate's interest in the real property and, thereafter, dismissed the Adversary

Initial Projected Date of Final Report (TFR): 06/01/14        Current Projected Date of Final Report (TFR): 06/01/15

**FORM 2**

Page:    1

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 14-03147  -CAD |
| Case Name: | SWISS, EVA M. |

| | |
|---|---|
| Taxpayer ID No: | *******8136 |
| For Period Ending: | 03/05/15 |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi |
| Bank Name: | Associated Bank |
| Account Number / CD #: | *******7428  Checking Account (Non-Interest Earn |
| | |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/25/14 | 1 | WEISSBERG & ASSOCIATES, LTD. CLIENT TRUST FUND ACCOUNT 401 S. LASALLE ST., STE 403 CHICAGO, IL 60605 | SETTLEMENT -INTEREST IN REAL ESTATE | 1110-000 | 180,000.00 | | 180,000.00 |
| 12/05/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 43.15 | 179,956.85 |
| 01/08/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 267.48 | 179,689.37 |
| 02/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 267.16 | 179,422.21 |

|  | | | |
|---|---|---|---|
| COLUMN TOTALS | 180,000.00 | 577.79 | 179,422.21 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 180,000.00 | 577.79 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 180,000.00 | 577.79 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - *******7428 | 180,000.00 | 577.79 | 179,422.21 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 180,000.00 | 577.79 | 179,422.21 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| | | |
|---|---|---|
| Page Subtotals | 180,000.00 | 577.79 |

Ver: 18.04

LFORM24

| Page 1 | EXHIBIT C | | Date: March 05, 2015 |
|---|---|---|---|
| | ANALYSIS CLAIMS REGISTER-PRIORITY CLAIMS | | |

Case Number:   14-03147  
Debtor Name:   SWISS, EVA M.

Claim Type Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2100-00 | Joseph A. Baldi, Trustee c/o Baldi Berg, Ltd. 20 N Clark Street, Ste. 200 Chicago, Illinois 60602 | Administrative | | $12,250.00 | $0.00 | $12,250.00 |
| | Subtotal For Claim Type 2100-00  Trustee Compensation | | | $12,250.00 | $0.00 | $12,250.00 |
| 001 2700-00 | U.S. Bankruptcy Court 219 S. Dearborn, 7th Floor Chicago, Illinois 60604 | Administrative | Adversary filing fee 14-A 580 | $350.00 | $0.00 | $350.00 |
| | Subtotal For Claim Type 2700-00  Clerk of the Courts Costs (includes | | | $350.00 | $0.00 | $350.00 |
| 001 3110-00 | BALDI BERG, LTD 20 N. CLARK STREET, STE. 200 CHICAGO, IL 60602 | Administrative | | $18,489.50 | $0.00 | $18,489.50 |
| | Subtotal For Claim Type 3110-00  Attorney for Trustee Fees (Trustee | | | $18,489.50 | $0.00 | $18,489.50 |
| 001 3120-00 | BALDI BERG, LTD 20 N. CLARK STREET, STE. 200 CHICAGO, IL 60602 | Administrative | | $95.98 | $0.00 | $95.98 |
| | Subtotal For Claim Type 3120-00  Attorney for Trustee Expenses | | | $95.98 | $0.00 | $95.98 |
| 001 3410-00 | Popowcer Katten, Ltd 35 E. Wacker Drive Suite 1550 Chicago, Il 60601-2207 | Administrative | | $925.00 | $0.00 | $925.00 |
| | Subtotal For Claim Type 3410-00  Accountant for Trustee Fees (Other | | | $925.00 | $0.00 | $925.00 |
| 000001A 050 4110-00 | BMO Harris Bank N.A. successor to Harris Bank Barrington N.A. c/o James P. Sullivan 111 W. Monroe Street Chicago, IL 60623 | Secured | Claim amended 3/5/15 to remove secured portion of claim | $0.00 | $0.00 | $0.00 |
| | Subtotal For Claim Type 4110-00  Real Estate - Consensual Liens | | | $0.00 | $0.00 | $0.00 |
| 1A 070 7100-00 | BMO Harris Bank N.A. successor to Harris Bank Barrington N.A. c/o James P. Sullivan 111 W. Monroe Street Chicago, IL 60623 | Unsecured | Claim amended 3/5/15 to remove secured portion of claim | $857,324.09 | $0.00 | $857,324.09 |
| | Subtotal For Claim Type 7100-00  General Unsecured 726(a)(2) | | | $857,324.09 | $0.00 | $857,324.09 |
| | Case Totals: | | | $889,434.57 | $0.00 | $889,434.57 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-03147 CAD
Case Name: SWISS, EVA M.
Trustee Name: Joseph A. Baldi

Balance on hand                                           $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001A | BMO Harris Bank N.A. | $ | $ | $ | $ |

Total to be paid to secured creditors          $_____

Remaining Balance                               $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi | $ | $ | $ |
| Attorney for Trustee Fees: BALDI BERG, LTD | $ | $ | $ |
| Attorney for Trustee Expenses: BALDI BERG, LTD | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten, Ltd | $ | $ | $ |
| Charges: U.S. Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance                               $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | BMO Harris Bank N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors            $_____

Remaining Balance                         $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE